IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WEATHERFORD INTERNATIONAL, INC. and WEATHERFORD/LAMB, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H – 03 – 5383 |
| CASETECH INTERNATIONAL, INC., | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

Weatherford International, Inc. and Weatherford/Lamb, Inc. (collectively "Weatherford") have submitted a Motion to Dismiss CaseTech's Counterclaims (Doc. #43). For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

Weatherford sued CaseTech International, Inc. ("CaseTech") for infringing U.S. Patent No. 5,575,333 ("the '333 patent"). CaseTech has filed several counterclaims. Weatherford moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the counterclaims of inequitable conduct/fraud on the Patent and Trademark Office ("PTO"),[1] fraud on the court, and unclean hands.

**II.    MOTION TO DISMISS**

A district court will dismiss a claim under Rule 12(b)(6) only if it appears certain that the claimant "can prove no set of facts in support of his claim which would entitle him to relief." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). When considering a Rule

---

[1] These phrases are used interchangeably.

12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

### III.     INEQUITABLE CONDUCT

Federal Rule of Civil Procedure 9(b) states that claims alleging fraud must be plead with particularity. Fed. R. Civ. P. 9(b). Inequitable conduct, while a broader concept than fraud, must also be plead with particularity. *Ferguson Beauregard/Logic Controls v. Mega Systems*, 350 F.3d 1327, 1344 (Fed. Cir. 2003). *See also Nortel Networks Ltd. v. Kyocera Wireless Corp.*, 2002 WL 31114077, *1 (N.D. Tex. Sept. 20, 2002) (stating that Rule 9(b) applies to the inequitable conduct defense). Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).

"Inequitable conduct includes affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with intent to deceive." *Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.*, 204 F.3d 1368, 1373 (Fed. Cir. 2000) (quotation and citation omitted). When inequitable conduct is alleged, the requirements of Rule 9(b) are satisfied in the following way:

> To satisfy the particularity requirement of Rule 9(b), [CaseTech], as the alleged patent infringer, must state the time, place and nature of the alleged fraudulent activity; mere conclusory allegations of fraud are insufficient. Allegations of inequitable conduct must give [Weatherford], the patent holder, notice of the particular misconduct alleged so that it can defend against the charge. [CaseTech] must offer specific facts that [Weatherford] can either deny or controvert. However, although [CaseTech] must plead specific facts, it need not plead evidence to satisfy Rule 9(b).

*Nortel Networks*, 2002 WL 31114077, *2 (quoting *In re Papst Licensing, GMBH Patent Litig.*, 174 F. Supp. 2d 446, 448 (E.D. La. 2001).

Weatherford moves to dismiss CaseTech's inequitable conduct counterclaim for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Weatherford argues that the claim is based on insufficient and conclusory allegations, and that CaseTech has not pled facts to suggest that the complained of actions were material to the patent examiner's patentability determination or that such actions were made with the intent to deceive the examiner.

CaseTech has clearly stated the time, place, and nature of the alleged fraudulent activity. The claim of inequitable conduct is based on the allegation that after prosecution on the merits of the patent application was closed, Weatherford resubmitted drawings that were substantively different from the drawings that served as the basis for the patent examination. CaseTech alleges that these drawings included different structural elements, which were not pointed out to the examiner, and therefore Weatherford has committed a fraud on the PTO.

CaseTech has met the heightened pleading requirements of Rule 9(b) in stating its claim of inequitable conduct. Weatherford has sufficient notice of the misconduct alleged so that it can defend against the charge, and in fact, that is what Weatherford begins to do in its Motion to Dismiss. Weatherford's additional evidentiary arguments defending against CaseTech's allegation of inequitable conduct, however, are not the proper subject of a motion to dismiss.

## IV.    FRAUD ON THE COURT

Weatherford next moves to dismiss CaseTech's counterclaim of fraud on the court. The Fifth Circuit has held that fraud on the court involves a high degree of misconduct:

> To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its discretion. Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an

>attorney is implicated, will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Fierro v. Johnson*, 197 F.3d 147, 154 (5th Cir. 1999) (quoting *First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996)).

CaseTech's claim of fraud on the court is based solely on the allegation that Weatherford provided drawings to the Court that differ from the original drawings submitted with the patent application. This alleged conduct does not rise to the level of egregiousness encompassed by a claim of fraud on the court. CaseTech's counterclaim of fraud on the court is therefore **DISMISSED**.

## V.     UNCLEAN HANDS

CaseTech claims that Weatherford has unclean hands because it committed a fraud on the PTO. Weatherford argues that this claim should be dismissed because it is duplicative, and simply an assertion of the same defense under a different name. Though the claims rely on the same underlying conduct, their remedies differ. "[T]he remedies for litigation misconduct differ from the remedies for misconduct in acquisition of a property right. While inequitable conduct before the PTO renders the patent unenforceable by any party, the unclean hands doctrine bars only the offending party." *Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1376 (Fed. Cir. 2001). CaseTech is not precluded from asserting both counterclaims.

## VI.    CONCLUSION

Weatherford's Motion to Dismiss (Doc. #43) is **GRANTED IN PART** and **DENIED IN PART**. CaseTech's counterclaim of fraud on the court is **DISMISSED**. CaseTech may proceed with its counterclaims of inequitable conduct and unclean hands.

5

IT IS SO ORDERED.

SIGNED this 25th day of July, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**