UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WEATHERFORD INTERNATIONAL INC. and WEATHERFORD/LAMB, INC., | § § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-03-5383 |
| | § | |
| CASETECH INTERNATIONAL, INC., | § § § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Conditionally Unopposed Motion to Stay Proceedings Pending Reexamination of the Patent In-Suit (Doc. # 115). On January 30, 2006, the United States Patent and Trademark Office ("PTO") granted Defendant's request for reexamination of United States Patent No. 5,575,333 ("the '333 patent"). During the reexamination process, the PTO will reexamine each of the claims of the '333 patent and determine the validity of the claims in light of prior art. Because this case rests in large part upon the validity of the '333 patent's claims, the outcome of the reexamination is likely to have a substantial impact on the questions involved in this case, and a stay is appropriate to conserve judicial resources and avoid duplicative or contradictory rulings as to the '333 patent's validity.

Defendant has requested the Court to place four conditions upon its issuance of a stay: (1) that Plaintiffs file a response to Defendant's Motion for Summary Judgment of Invalidity; (2) that Plaintiffs provide Defendant with copies of the pleadings they file with the PTO, and that Defendant be entitled to move this Court for an order requiring Plaintiffs to make changes; (3) that Plaintiffs disclose all prior art in their possession; and (4) that Plaintiffs notify in writing any customer or potential customer that they previously told orally or in writing about this suit, that

this suit has been stayed subject to the PTO's reexamination of the '333 patent. The Court finds that none of these conditions are appropriate in this case.

With respect to Defendant's first proposed condition, requiring Plaintiffs to respond to Defendant's Motion for Summary Judgment at this time would not meaningfully advance this case and would likely constitute an exercise in futility. Because the Court will refrain from considering Defendant's motion or making any determinations as to the validity of the '333 patent's claims during the duration of the stay, there is no need for any party to file additional briefings on the validity of the claims at this time. Further, the reexamination process may substantially change or render moot the questions at issue in Defendant's motion, and likewise, the questions to be addressed in Plaintiffs' response.

Defendant's second proposed condition would require the Court improperly to involve itself in the necessarily *ex parte* process of the PTO's reexamination. As the Federal Circuit has found, "[a] party's choice of what, if anything, to file with the patent office in a reexamination proceeding should remain undisturbed by the courts." *Emerson Elec. Co. v. Davoil, Inc.*, 88 F.3d 1051, 1054 (Fed. Cir. 1996) (internal quotations omitted) (holding that a district court could not require a plaintiff, as a condition of a stay of a patent suit, to file the defendant's documents with the PTO together with its own). While noting the importance of candor and good faith during reexamination, the Court will refrain from involving itself in the reexamination proceeding by evaluating the substance of Plaintiffs' submissions to the PTO.

With regard to Defendant's third proposed condition, Plaintiffs have indicated that they have already produced all prior art of which they are aware. Plaintiffs also indicate that should they learn of additional prior art, they will disclose this to the PTO and to Defendant, as they are required to serve Defendant with copies of all documents that they file during the reexamination process. Imposing the disclosure of prior art as a condition of the stay is unnecessary.

Defendant's fourth proposed condition, requiring Plaintiffs to notify their customers of the stay, is similarly unnecessary to avoid undue prejudice to Defendant. While reexamination will postpone activity in this case for a period of time, Defendant itself chose to request the proceeding. Additionally, reexamination by the PTO will likely clarify and potentially narrow the issues in the case, resulting in a more efficient resolution of the suit following the conclusion of the reexamination process. While the parties are free to inform others of the Court's issuance of a stay, it would be unnecessary and inappropriate for the Court to require such notification.

Accordingly, the Court declines to impose Defendant's suggested conditions on its issuance of the stay. Plaintiffs' Motion is **GRANTED**, and the case is **STAYED** until the reexamination of United States Patent No. 5,575,333 by the United States Patent and Trademark Office is concluded.

In light of the stay, Plaintiffs' Motion for Leave to File Their First Amended Complaint (Doc. # 92), Defendant's Cross-Motion for Leave to File Its Second Amended Answer and Counterclaims (Doc. # 95), Defendant's Motion for Summary Judgment of Invalidity (Doc. # 97), Plaintiffs' Motion to Dismiss Claims 1, 2, and 6-16 of United States Patent No. 5,575,333 with Prejudice (Doc. # 100), Plaintiffs' Motion to Extend the Deadline for Responding to Defendant's Motion for Summary Judgment of Invalidity (Doc. # 101); and Defendant's Motion to Supplement Motion for Summary Judgment of Invalidity (Doc. # 116) are **DENIED WITHOUT PREJUDICE** to refiling after the conclusion of the reexamination of the '333 patent.

**IT IS SO ORDERED**.

**SIGNED** this 8th day of March, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.